**Bar-Over, Inc. v. Castor-Bustleton Corp.**

N. *Stein*, for plaintiff.

F. *Cohen*, for defendant.

SLOANE, J., November 12, 1970.—This is an equity action for a permanent injunction arising out of a restrictive clause in a 10-year leasehold agreement in a shopping center between plaintiff, Bar-Over, Inc., as tenant, and defendant, Castor-Bustleton Corporation, as landlord, for the stores, 8356-58 Bustleton Avenue, Philadelphia.

The leased premises is operated by plaintiff as a combination restaurant, bakery and delicatessen.

The pertinent restrictive clause is: landlord-defendant agrees not to lease any other store in the shopping center for a "luncheonette or delicatessen."

Recently, defendant-landlord leased another store at the other end of the same shopping center to defendant, Arthur's Bakery, Inc. Arthur's Bakery makes and sells bread and bread products but in the bakery store or shop there is a counter where you can buy a cup of coffee and doughnuts for consumption on or off the premises.

Plaintiff asserts that the sale of cups of coffee is a business prohibited by defendant-landlord's covenant to plaintiff not to lease any other store for a "luncheonette or delicatessen." It is alleged defendant-landlord has leased the store for a "luncheonette-delicatessen" and, consequently, breached his restrictive covenant.

Defendant-landlord defends that the character of defendant-bakery business is not that of a luncheonette or delicatessen, and the sale of cups of coffee, with or without doughnuts, does not make the bakery business a luncheonette or delicatessen.

Plaintiff's business consists of the on-premises and take-out sale of many varieties of meats, cold and hot sandwiches, hot and cold platters, dairy dishes, eggs, seafood, desserts and beverages. Thus, plaintiff's business is aptly characterized as both a luncheonette (restaurant) and delicatessen. As stated in its advertisement, plaintiff is a "Restaurant, Bakery and Delicatessen."

Defendant's main business is that of a baker: he makes and sells a variety of baked breads and other bakery products. Also, he has a counter where, if you want a cup of coffee and a doughnut, you can get it and sit there and drink your coffee and munch your doughnut or take it out with you.

Defendant filed a counterclaim as to plaintiff's sales of bread and bread products.

After hearing and consideration, I find as above and as follows:

## FINDINGS OF FACT

1. The businesses of plaintiff and defendant-bakery are different.

2. Plaintiff and defendant-landlord did not intend in their lease, as manifested by the terms "luncheonette or delicatessen," to restrict defendant's bakery from the sale of coffee and doughnuts, incidental to the bakery business.

## CONCLUSION OF LAW

1. The term "luncheonette or delicatessen" found in the covenant against competition, contained in the aforesaid lease, does not include and consequently

does not restrict the sale of coffee incidentally to a bakery business.

Accordingly, November 12, 1970, I now enter the following:

### DECREE NISI

1. The complaint in equity is dismissed.
2. Defendant's counterclaim is dismissed.
3. Each party bears own costs.

The prothonotary is directed to enter this decree nisi and to notify the parties or their counsel of record; if no exceptions are filed within 20 days thereafter, the decree nisi shall become final, as of course.